UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

AGRITRADE FARMS, LLC., and
AGRIEXPORT DE HONDURAS S.A.
DE CV.,

    Plaintiffs,
vs.                                      CASE NO.:  0:18-cv-61810-FAM

LUIS RODRIGUEZ, GUAYACAN
AGROINDUSTRIAL, S DE RL, and
GUAYACAN FARMS SA DE CV,

    Defendants.
_____/

## DEFENDANTS' REMOVAL STATUS REPORT

The Defendants, Luis Rodriguez ("Rodriguez"), Guayacan Agroindustrial, S de RL ("Guayacan Agroindustrial"), and Guayacan Farms SA de CV ("Guayacan Farms"), pursuant to the Court's Notice of Court Practice in Removal Cases (D.E. 15), hereby file this Removal Status Report and state:

1.     <u>Nature of Plaintiffs' Claim.</u>  The Plaintiffs, Agritrade Farms, LLC ("Agritrade") and Agriexport de Honduras S.A. de C.V. ("Agriexport"), filed suit on July 3, 2018 in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.  On August 21, 2018, the Plaintiffs filed a First Amended Complaint (D.E. 10).  In the First Amended Complaint, Plaintiffs allege causes of action for breach of contract, conversion, tortious interference with existing contract; tortious interference with business relationship, and declaratory relief regarding arbitration provision, and seek damages of at least $130,449.80. (*See*

First Amended Complaint, D.E. 10).  At this time, there are no pending counterclaims, cross-claims, or third-party claims.

      2.    <u>Grounds for Removal.</u> This action arises from a Grower's Agreement entered into by both Plaintiffs and the Defendants, Guayacan Agroindustrial and the individual Defendant, Luis Rodriguez. Guayacan Agroindustrial was unable to get an export license, so Guayacan Farms assumed the contract and the Plaintiff Agriexport (rather than the Defendant Guayacan Agroindustrial) exported vegetables to the United States. The Grower's Agreement contains a mandatory, binding agreement to arbitrate any disputes.

The Defendants removed this case based on Federal Question Jurisdiction. This Federal Court has original jurisdiction to enforce the arbitration agreement in the Grower's Agreement. The subject of the Grower's Agreement was the cultivation of vegetables in Honduras and transportation of that produce in foreign commerce to Agritrade, in the United States. Hence, the Agreement and the parties' dealings thereunder concern commerce among the states, territories, and foreign nations. As extensively discussed with legal citations in the Notice of Removal, the parties' international contract agreeing to arbitration is subject to enforcement by this Court pursuant to the Convention on the Recognition and Enforcement of Foreign Arbitral Awards. The Convention is enforceable in the U.S. pursuant to the Foreign Arbitral Awards Act ("FAAA"), 9 U.S.C. §§ 201-208.  The FAAA implements and enforces the Convention in the U.S., and is governing law as to the enforcement, validity, and interpretation of arbitration provisions in international commercial

contracts in all U.S. state and Federal courts. See *Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 269-73, 115 S. Ct. 834 (1995); *Indust. Risk Insurers v. M.A.N Gutehoffnungshutte, GmbH*, 141 F.3d 1434, 1440 (11th Cir. 1998). Federal district courts have original jurisdiction over an action or proceeding falling under the Convention. *See* 9 U.S.C. § 203. The Convention explicitly grants the district courts power to compel arbitration. *See* 9 U.S.C. §§ 206-207. Section 205, the Convention's special removal provision, provides for removal where the subject matter "relates to an arbitration agreement or award falling under the Convention." 9 U.S.C. § 205; *see also Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 615, 105 S. Ct. 3346, 3347 (1985); *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 518, 94 S. Ct. 2449, 2457 (1974); *Acosta v. Master Maint. & Constr. Inc.*, 452 F. 3d 373, 377 (5th Cir. 2006); *Beiser v. Weyler*, 284 F.3d 665 (5th Cir. 2002).

3. <u>Pending Motions.</u>  There are no pending motions. The Defendants previously filed a combined Motion to Dismiss or Stay Action to Enforce Arbitration Agreement, Motion to Dismiss the Complaint, and Motion for Summary Judgment (D.E. 3). On August 21, 2018, the Plaintiffs filed a First Amended Complaint (D.E. 10), the filing of which mooted the Defendants' Motions directed to the original Complaint.[1] The Defendants intend to file Motions to Dismiss and for other relief in

---

[1] The Plaintiffs also filed on August 21, 2018 their Response, entitled "Opposition to Motion to Dismiss or Stay," to the Defendants' Motion to Dismiss the original Complaint, notwithstanding the filing of the Amended Complaint mooted the pending Rule 12 motions. Accordingly, rather than file a Reply in further support of their now mooted motions directed to the original Complaint, the Defendants will instead be filing new Rule 12 and 56 motions directed to the Amended Complaint.

response to the Amended Complaint.

4. <u>Defendants' Joinder to Notice of Removal.</u> The Defendants, Rodriguez, Guayacan Agroindustrial, and Guayacan Farms, all joined in the removal of this action. (D.E. 1).

5. <u>Timing of Filing of Notice of Removal.</u> The Defendants filed the Notice of Removal within thirty days of when they were served with process on July 6, 2018. Thirty days from July 6, 2018 is August 5, 2018. The Defendants filed the Notice of Removal on August 3, 2018, within the thirty-day removal period.

6. <u>Filing of State Court Proceedings.</u> The Defendants previously filed copies of all records and proceedings in the state court proceedings as an exhibit to the Notice of Removal. Pursuant to the Court's direction in the Court's Notice, the Defendants filed copies of the complete state court record by separate notice (D.E. 12) filed August 21, 2018.

    Respectfully submitted,

    HENKEL & COHEN, P.A.
    Counsel for Defendants
    7480 S.W. 40th Street, Suite 450
    Miami, Florida 33155
    Phone: (305) 971-9474
    Fax: (786) 534-2607
    Email: tdh@miamibusinesslitigators.com
          eyd@miamibusinesslitigators.com

    By: \s\ Tim Henkel
      TIMOTHY D. HENKEL, ESQ.
      Fla. Bar No. 0817813
      ELIZABETH Y. DAVIES, ESQ.
      Fla. Bar. 515231

## Certificate of Service

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was served on August 21, 2018 upon the following counsel by filing with the Court's CM/ECF system: Robert E. Goldman, Esq., Law Office of Robert E. Goldman, counsel for the Plaintiffs, 1 East Broward Blvd., Suite 700, Fort Lauderdale, Florida 33301 (Robert@goldmanlaw.com).

By: \s\ Tim Henkel
TIMOTHY D. HENKEL, ESQ.